```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

DEWAYNE PATTERSON,              )
                                )
          Petitioner,           )
                                )
     v.                         )     No. 4:05-CV-1301-MLM
                                )
STEVEN MOORE,                   )
                                )
          Respondent.           )

### **MEMORANDUM AND ORDER**

This matter is before the Court upon transfer from the United States District Court for the Western District of Missouri of petitioner Dewayne Patterson's application for writ of habeas corpus.

### **The petition**

Petitioner, an inmate at the Western Missouri Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. Petitioner challenges the October 30, 1996 conviction imposed by the Circuit Court of Shelby County, Missouri. Petitioner states that the Missouri Court of Appeals affirmed the conviction on March 12, 1998. Thereafter, petitioner filed a Rule 29.15 motion for post-conviction relief in the Shelby County Circuit Court; the motion was denied on May 13, 1999. In the instant action, petitioner asserts four grounds for relief.

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a

district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief. A review of the instant petition indicates that it is time-barred under 28 U.S.C. § 2244(d)(1)[1] and is subject to summary dismissal. Petitioner's Rule 29.15 motion was denied on May 13, 1999. The instant application for federal habeas corpus relief, however, was not filed in the Western District of Missouri until August 3, 2005, well after the running of the one-year limitations period. Petitioner does not claim that the limitations period should be equitably tolled to allow him to file the instant petition.[2]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to the respondent, because the instant petition is time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus is **DENIED**.

---

[1] Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus.

[2] Petitioner states that he filed a Rule 91 state habeas petition which was "dismissed." Petitioner does not provide the dates of the filing or of the dismissal. In any event, the filing of a Rule 91 petition cannot resurrect an otherwise procedurally defaulted claim. See Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994).

An appropriate order shall accompany this memorandum and order.

Dated this 19th day of September, 2005.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE